IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


JEREMY E. LEWIS,          :
                                 :

      Petitioner        :
                                 :

    v.                   :       CIVIL NO. 3:18-CV-758
                                 :

WARDEN DAVID EBBERT,   :       (Judge Conaboy)
                                 :

      Respondent        :

FILED
SCRANTON

APR 17 2018

Per_____ _____
DEPUTY CLERK

## MEMORANDUM
### Background

Jeremy E. Lewis, an inmate presently confined at the United States Penitentiary, Lewisburg, Pennsylvania (USP-Lewisburg) filed this pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Named as Respondent is USP-Lewisburg Warden David Ebbert. Petitioner's request to proceed in forma pauperis will be granted for the sole purpose of the filing of this action with this Court.

Lewis states that he entered a guilty plea on December 11, 2009 to bank robbery related offenses including a charge of forced accompaniment in the United States District Court for the Southern District of Ohio.[1] See Doc. 1, p. 10. As a result of his plea, Petitioner was ultimately sentenced to a 24 year term of imprisonment on March 19, 2010. See Doc. 2, p. 11.

---

[1] According to Lewis, the forced accompaniment charge alleged that Petitioner forced a bank teller to go a separate area within the bank where a safe was located.

1

Lewis admits that he pursued a direct appeal which was dismissed as being untimely. See Doc. 1, ¶ 7. The Petitioner also acknowledges that he previously sought relief from the sentencing court via motion pursuant to 28 U.S.C. § 2255 which was denied as being time barred on March 26, 2011. See id., ¶ 10.

In his pending action, Petitioner challenges the legality of his plea to the forced accompaniment charge on the grounds the grand jury's indictment did not specifically allege that Lewis forced a bank teller to accompany him but rather only stated that a "person" was forced to accompany Lewis. Petitioner elaborates that under the standards announced by the United States Supreme Court in Whitfield v. United States, 135 S. Ct. 785 (2015) he is actually innocent of the forced accompaniment charge. Petitioner adds that his § 2255 remedy is inadequate and ineffective to pursue his pending claim.

## Discussion

### Standard of Review

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 ("Preliminary Review") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (2004). See, e.g., Mutope v. Pennsylvania Board of Probation and Parole, 2007 WL 846559 *2 (M.D. Pa. March 19, 2007)(Kosik, J.). The provisions of Rule 4 are applicable to § 2241 petitions under Rule 1(b)). See, e.g., Patton v. Fenton, 491

F. Supp. 156, 158-59 (M.D. Pa. 1979).

Rule 4 provides in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where. . . the necessary facts can be determined from the petition itself. . . ." Gorko v. Holt, Civ. No. 4:05-cv-956, 2005 WL 1138479 *1(M.D. Pa. May 13, 2005)(McClure, J.)(quoting Allen v. Perini, 424 F.2d 134, 141 (6th Cir. 1970).

Since Lewis initiated his action before this Court, he is apparently arguing that he may bring his present claims via a federal habeas corpus petition and that this Court has jurisdiction over his § 2241 action by virtue of his ongoing detention at USP-Lewisburg.

A federal prisoner challenging the validity of a federal sentence, and not the execution of his sentence, is generally limited to seeking relief by way of a motion pursuant to § 2255. In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997); Russell v. Martinez, No. 08-3898, 2009 WL 1154194, at *2 (3d Cir. Apr. 30, 2009)("a section 2255 motion filed in the sentencing court is the presumptive means for a federal prisoner to challenge the validity of a conviction or sentence"). Such a challenge can

3

only be brought under § 2241 if "it . . . appears that the remedy by [a § 2255] motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). This language in § 2255, known as the safety-valve clause, must be strictly construed. Dorsainvil, 119 F.3d at 251; Russell, 2009 WL 1154194, at *2 (the safety valve "is extremely narrow and has been held to apply in unusual situations, such as those in which a prisoner has had no prior opportunity to challenge his conviction for a crime later deemed to be non-criminal by an intervening change in the law").

"It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." Cradle v. United States, 290 F.3d 536, 538 (3d Cir. 2002). "Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." Id. at 539. See also, Alexander v. Williamson, 324 Fed Appx. 149, 151 (3d Cir. Apr. 16, 2009).

As recognized by the Hon. Kim R. Gibson in Pollard v. Yost, No. 07-235, 2008 WL 4933599, at *6 (W.D. Pa. Nov. 18, 2008), for a challenge to a federal conviction and sentence to be presented by a federal inmate by way of a § 2241 petition, there must not only be "a claim of actual innocence but a claim of actual

4

innocence coupled with the inability to have brought the claim before because of a change in the construction of the criminal statute by a court having the last word on the proper construction of the statute, which change rendered what had been thought to be criminal within the ambit of the statute, no longer criminal." In the present case, Petitioner contends that he is actually innocent of the forced accompaniment charge. See Doc. 1, p. 7.

Triestman v. United States, 124 F.3d 361 (2nd Cir. 1997), and In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997) addressed what circumstances make a post conviction remedy inadequate and ineffective. The legislative limitations (either the statute of limitations or gatekeeping provisions outlined *supra* at 4-5) placed upon post conviction remedies simply do not render the remedy inadequate or ineffective so as to authorize pursuit of a federal habeas corpus petition. Dorsainvil, 119 F.3d at 251. "To hold otherwise would simply effect a transfer of forum for the adjudication of successive challenges to the validity of a conviction." Kennemore v. True, Civil No. 98-1175, slip op. at 6. (M.D. Pa. July 28, 1998)(Conaboy, J.).

Both the Triestman and Dorsainvil courts held that the "inadequate and ineffective" requirement(thus allowing a petitioner to bring a § 2241 habeas corpus action) occurs where the denial of a habeas action would raise serious constitutional

issues.  <u>Triestman</u>, 124 F.3d at 377; <u>Dorsainvil</u>, 119 F.3d at 249.
The serious constitutional issue was that a change in substantive
law rendered the conduct for which petitioner was convicted no
longer criminal.  <u>Triestman</u>, 124 F.3d at 366; <u>Dorsainvil</u>, 119
F.3d at 251.

Based upon a review of Lewis' petition, he has not
established that he is entitled to federal habeas corpus relief
based upon a new substantive rule of constitutional law that is
retroactively applicable in a collateral attack on a final
conviction.  A review of the <u>Whitfield</u> decision itself does not
reveal any intention by the Supreme Court that its decision
should be given retroactive effect.  This Court is also not aware
of any case which has recognized that <u>Whitfield</u> may be applied
retroactively.

Furthermore, in <u>Whitfield</u> the Supreme Court stated that a
substantial movement was not required for a forced accompaniment
conviction and that it was sufficient to establish that a
defendant required a victim to accompany him somewhere even if
the movement occurs solely within a single building or only
involved a short distance.  Pursuant to that reasoning,
Petitioner has failed to show that <u>Whitfield</u>, even if given
retroactive effect, would warrant federal habeas corpus relief.

Finally, Petitioner recently presented his pending <u>Whitfield</u>
argument before the sentencing court and was denied relief.  <u>See</u>

United States v. Lewis, No. 3:08-cr-175, 2018 WL 827935 (S.D. Ohio Feb. 12, 2018)

Petitioner is clearly challenging the validity of his sentence which was imposed by the Southern District of Ohio. Thus, he must do so by following the requirements of § 2255. As noted earlier, Petitioner's does not establish that he is entitled to relief as a result of some change in the law made retroactive to cases on collateral review. Lewis has also not shown that he was unable to present his pending claims in a successive § 2255 proceeding or that they are based upon any newly discovered evidence. Most importantly, his pending challenge has already bee addressed by the sentencing court.

Fundamental to Dorsainvil was the fact that the petitioner may actually be innocent of the crime charged. In this case, Lewis has failed to present any facts suggesting that he was not involved in the alleged underlying criminal activity. Second, Petitioner's Whitfield based argument is not based on a new rule of law made retroactive to cases on collateral review. Unlike Dorsainvil, Petitioner's present claim as stated simply does not establish that an intervening retroactive change in substantive law has negated the criminal nature of his conduct.

Clearly, Lewis' pending claim does not fall within the narrow Dorsainvil exception to the general rule that section 2255 provides the exclusive avenue by which a federal prisoner may

mount a collateral challenge to his conviction or sentence.  <u>See</u>
<u>Levan v. Sneizek</u>, 325 Fed. Appx. 55, 57  (3d Cir. April 2009).

Since there is no basis for a determination that § 2255 is
inadequate or ineffective to test the legality of Petitioner's
plea and sentence, his § 2241 petition will be dismissed without
prejudice.  Of course, this dismissal has no effect on
Petitioner's right to seek permission to pursue a successive §
2255 action.  An appropriate Order will enter.


RICHARD P. CONABOY
United States District Judge


DATED: APRIL 17 , 2018